REDMANN, Chief Judge,
concurring in part and dissenting in part.
I concur in reversing the trial court’s reversal of the commission’s disqualification of plaintiff’s horse. I dissent from the “amendment” of a judgment that is being 100% reversed.
Plaintiff’s interpretation of “any horse racing in ... Louisiana” in Rule 54.1B as meaning a “horse entered for racing” (a wording used in the related Rule 54. IE) is an unworkable interpretation (even if most drugs would have disappeared from the horse’s bodily fluids between “entry” and racetime). It would allow a drug to be given to a horse that regularly races in Louisiana but is not yet “entered” for its next race. Then, whenever any medication is found in- urine or blood the argument could be made that the medication may have been given before the horse was “entered” — leaving unaddressed the question whether the horse may also have been given a second dose of the medication after it was entered, and obstructing the commission’s statutory duty of “forceful and honest statewide control of horse racing,” La. R.S. 4:141.